UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

ETHAN OFER-MORAN
individually and on behalf of all others similarly situated,

                INDEX NO:

                DATE PURCHASED:

             Plaintiff,              SUMMONS

                Plaintiff designates
     -against-              EASTERN DISTRICT
                as the place of trial
                The basis of venue is
                PLAINTIFF RESIDENCE

SHOTGUN LLC.,

             Defendants.
-------------------------------------------------------------------------x

TO THE ABOVE-MENTIONED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
             April 29, 2025          *Charlotte Kaysen*
                                    CHARLOTTE KAYSEN, ESQ.
                                    Attorney for Plaintiff
                                    ETHAN OFER-MORAN
                                    Office and Post Office Address
                                    233 E. 35th St.
                                    New York, New York 100166
                                    T: (917) 410-5714

To:

SHOTGUN LLC
55 Meadow Street
Brooklyn, NY, 11206

UNITED STATES DISTRICT COURT

```
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ETHAN OFER-MORAN
individually and on behalf of all others similarly situated,        Case No.

                    Plaintiff,                                      CLASS ACTION
                                                                    COMPLAINT

                                                                    Demand for Jury Trial

        -against-

SHOTGUN LLC.,

                    Defendants.
---------------------------------------------------------------------X
```

Plaintiff ETHAN OFER-MORAN ("Plaintiff"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, brings this class action complaint against SHOTGUN LLC. ("Shotgun" or "Defendant"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except for those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## NATURE OF THE ACTION

1. For over two years, Defendant has misled customers about the true cost of their purchase. Defendant has lured consumers with low prices, only to demand fees during checkout.

2. When ticket purchasers visit the Defendant's phone application "Shotgun Live" to buy an admission ticket to an event, they are initially quoted one price, only to later be shown the true total ticket, which includes an additional "Fees."

3. These added fees are concealed until the point consumers select their ticket option and pass through multiple screens in the purchase process.

4. The Defendant is increasing the total cost of its tickets during the purchase process, therefore making it higher than anticipated to consumers.

## NY ARTS AND CULTURAL AFFAIRS LAW

5. NY Arts and Cultural Affairs Law 25.07 paragraph 4 seeks to protect consumers from unfair and predatory ticketing practices.

6. The law requires full and accurate disclosure upfront of total prices.

7. The law provides redress against vendors who have not adequately disclosed ticketing service fees to customers.

8. The legislative purpose is for buyers to have more information at their disposal during purchase. In particular, sellers and resellers will be obligated to clearly disclose the total cost, including fees, of a ticket for purchase, and the total cost must be provided in the ticket listing prior to purchase

9. Moreover, ticket resellers are now obligated to clearly and conspicuously disclose the original printed or endorsed price of any ticket sold before the user completes a transaction

10. Section 25 of the New York Arts and Cultural Affairs Law regulates the sale of tickets for places of entertainment. Section 25.07(4), as amended on June 30, 2022, dictates several requirements for operators and operators' agents of a place of entertainment, licensees or other ticket resellers, and platforms that facilitate the sale or resale of tickets:

- Disclosure of "the total cost of the ticket, inclusive of all ancillary fees."

- Disclosure, "in a clear and conspicuous manner," of "the portion of the ticket price stated in dollars that represents a service fee, or any other fee or surcharge."

- Disclosures must be made "prior to the ticket being selected for purchase" and "shall not be false or misleading"

- "Subtotals, fees, charges and any other component of the total price . . . may not be presented more prominently or in the same or larger size as the total price;" and

4

- "The price of the ticket shall not increase during the purchase process," except for any reasonable fees associated with delivery of non-electronic tickets.

## PARTIES

11. Plaintiff ETHAN OFER-MORAN is an individual consumer who, at all times material hereto, was a citizen and resident of New York. Plaintiff purchased an admission ticket to a Resolute concert at Holo through Defendant's app Shotgun Live.

12. Defendant Shotgun LLC. is a New York corporation with its principal place of business in Brooklyn, NY.

13. Shotgun LLC. owns and operates the website https://shotgun.live and the mobile application Shotgun Live.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from Defendant.

15. Defendant sold at least 100,000 tickets through its website during the applicable class period and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

16. This Court has personal jurisdiction over Defendant because Defendant directed their business via the sale of their products through their website to consumers in New York, including to Plaintiffs.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff Ofer-Moran is a resident of Kings County.

## FACTUAL ALLEGATIONS

5

18. When a person visits Defendant's website https://shotgun.live and the phone App Shotgun Live, on the main page, they can search for events

19. After a consumer selects their desired event, he is taken to a screen that provides a list of the event details.

20. The screen does not provide the actual cost of the ticket. Instead, it has a button stating "NOW AT. " See Figure 1



**FIGURE 1**

21. The "total cost" of any ticket, inclusive of fees, is not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4). Id.

22. After the customer presses "NOW AT", he is taken to another screen which provides ticket options. The "total cost" of any ticket, inclusive of fees, is again not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4). See Figure 2

6



**FIGURE 2**

23. A customer then selects their desired ticket. Once a consumer clicks on the "PAYMENT" Button, a final checkout screen emerges, which requires the user to input his name, email address, phone number, and payment information. On the bottom of the same screen, the "TOTAL" ticket price is displayed, which includes "taxes & fees." Id. This is the first time that Defendant's "service charge" is revealed to the consumer. See Figure 3



**FIGURE 3**

12. The transaction flow process Mr. Ofer-Moran viewed on Defendant's website was substantially similar to that depicted in Figures 1 through 3 in this complaint. When Mr. Ofer-Moran first visited Defendant's App to purchase a ticket, he was initially quoted a fee-less price of $25 per ticket. Only after selecting his ticket and then proceeding to click through the multiple pages was he shown the additional $3.38 in fees per ticket.

13. The price was not consistent from the first point of selection through to checkout, in violation of New York Arts and Cultural Affairs Law § 25.07(4). Shotgun quotes a misleading, artificially low price, and then adds in mandatory fees at the end.

24. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 2 through 6 of this Complaint.

## CLASS ACTION ALLEGATIONS

26. Nationwide Class: Plaintiff seeks to represent a class defined as all individuals in the United States who purchased tickets from https://shotgun.live and the phone App Shotgun Live on or after August 29, 2022.

27. Excluded from the Nationwide Class is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

28. New York Subclass: Plaintiff seeks to represent a class defined as all individuals in New York who purchased tickets from https://shotgun.live and the phone App Shotgun Live on or after August 29, 2022.

29. Excluded from the New York Subclass is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

30. Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.

31. On information and belief, members of the Nationwide Class and New York Subclass are at least in the hundreds of thousands.

32. The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff presently but may be determined through discovery. Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendants.

33. Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members.

34. Common legal and factual questions include but are not limited to: (a) whether Defendants failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); (b) whether the displayed price of Defendants' tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (c) whether Defendants failed to disclose their service charge in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

9

35. The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendants' uniform wrongful conduct, based upon Defendants' failure to disclose the total cost of their tickets, including Defendants' service charges, throughout the online ticket purchase process.

36. Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because her interests do not conflict with the interests of the Nationwide Class and New York Subclass members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

37. The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and his counsel.

38. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issue

## **COUNT I**

**New York Arts & Cultural Affairs Law § 25.07**

**(On Behalf Of The Nationwide Class and New York Subclass)**

39. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendants.

41. Defendant is a platform that facilitate the sale or resale of tickets. Defendant owns, operates, and controls the Shotgun Live website and phone application, which sells and allows users to resell tickets to various events in New York N.Y. Arts & Cult. Aff. Law § 25.03(6)."Resale" means any sale of a ticket for entrance to a place of entertainment located within the boundaries of the state of New York other than a sale by the operator or the operator's agent who is expressly authorized to make first sales of such tickets. Resale shall include sales by any means, including in person or by means of telephone, mail, delivery service, facsimile, internet, email, or other electronic means, where the venue for which the ticket grants admission is located in New York state. N.Y. Arts & Cult. Aff. Law § 25.03(8)

42. Defendants violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 2 through 6 of this Complaint.

43. Defendants also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of their tickets during the purchase process, as shown in Figures 1 through 3 of this Complaint.

44. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by using deceptively low prices at the outset of transactions while hiding fees until the end.

44. Shotgun LLC. has unjustly reaped surplus profits as a result of its deceptive business practices.

45. Shotgun LLC.'s misrepresentations and/or omissions were material and relied upon by Plaintiff, as they would be any reasonable consumer.

46. This has resulted in Shotgun LLC gaining unjust revenues from Plaintiff, who was unaware it was being charged service fees until too late in the sale process.

47. Defendants also violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in Figures 1 through 2 of this Complaint.

48. Defendants' "service charge" is an "ancillary fee that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

49. On or about January 27, 2025, Plaintiff purchased a ticket on Defendant's app and was forced to pay Defendant's service charge.

50. Plaintiff was harmed by paying this service charge, because that total cost was not disclosed to Plaintiff at the beginning of the purchase process. Therefore, Defendant's conduct is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

51. Plaintiff was also harmed by paying this service charge, because it was not clearly and conspicuously disclosed on the final checkout page. Consequently, Defendant's conduct is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

52. On behalf of himself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages and reasonable attorneys' fees. See N.Y. Arts & Cult. Aff. Law § 25.33.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass prays for judgment as follows:

(a) For an order certifying the Classes under CPLR 901 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

Dated: April 29, 2025

    New York, New York

By: *Charlotte Kaysen*
CHARLOTTE KAYSEN, ESQ.
Attorney for Plaintiff
ETHAN OFER-MORAN
Office and Post Office Address
233 E. 35th St.
New York, New York 100166
T: (917) 410-5714

**<u>CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a</u>**

CHARLOTTE KAYSEN hereby certifies to the best of the undersigned's knowledge and information and belief and after an inquiry reasonable under the circumstances, that, pursuant to 22 N.Y.C.R.R. §130-1.1a-b, (1) the contentions contained in the annexed document are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].

Dated: April 29, 2025

*CHARLOTTE KAYSEN, ESQ.*

14

.